Environrmental Court of Vermont
State of Vermont

=============================================================================
E N T R Y   R E G A R D I N G   M O T I O N
=============================================================================

In re: Costco Act 250 Land Use Permit          Docket No. 143-7-09 Vtec
Project:      Expansion of existing Costco/Colchester facilities
Applicant:    Costco Wholesale Corp. and Lake Champlain Trans. Co.
              (Appeal from Dist #4 Env. Commission,
               Costco Permit amendment #4C0288-19B)


Title: Motion to Compel Inspection (Renewed; Filing No. 3)

Filed:        October 14, 2009

Filed By: Jon T. Anderson, Attorney for Appellant R.L. Vallee, Inc.

Response filed on 10/29/09 by Cross Appellant Costco Wholesale Corp.

Reply to Response filed on 11/18/09 by Appellant R.L. Vallee, Inc.


 _X_ Granted              ___ Denied                 ___ Other


        This appeal from an Act 250 District Commission determination, as well as related appeals from a municipal land use determination (In re Costco Final Plat/PUD Approval, Docket No. 113-6-09 Vtec) and an appeal from a state stormwater regulatory determination (In re Costco Stormwater Permit (#414-9015.1), Docket No. 60-4-09 Vtec), all concern the proposed expansion of the Costco retail/wholesale facility off of Roosevelt Highway (Routes 2 and 7) in Colchester.  One common issue in each of these three Dockets is what impact, if any, the proposed expansion may have upon the stormwater that flows from the project site and into nearby protected wetlands.  The parties dispute whether there will be a measurable increase in stormwater flow caused by the proposed expansion, and they dispute the classification of nearby wetlands.  Wetlands may be deemed Class I, II or III wetlands; the classification determines their measure of protection under state law.

        Appellant R.L. Vallee, Inc. ("R.L. Vallee") has made several requests of the co-applicants, Costco Wholesale Corp. and Lake Champlain Trans. Co. (collectively "Costco"), for permission to enter upon the Costco property, including with its wetlands specialists, to inspect and take measurements from a wetland on the Costco property.  The parties dispute the classification of this wetland, and therefore its required level of protection.  Costco has refused R.L. Vallee's requests.  Costco's first refusal appears justified, since R.L. Vallee's request was made in connection with the municipal permit proceeding, which had not yet been appealed to this Court.  However, after the municipal and Act 250 proceedings were appealed to this Court (Dockets 113-6-09 Vtec and 143-7-09 Vtec, respectively), R.L. Vallee renewed its requests for permission to enter and inspect the Costco property.  When its request was again refused, R.L. Vallee renewed its motion that this Court compel Costco to allow the requested site inspection.  Both parties have filed supplemental legal memoranda in support of their respective positions.  Co-Appellant

Timberlake Associates ("Timberlake") has requested permission to join in R.L. Vallee's on-site wetlands inspection and has filed its own legal memoranda in support of the propriety of this Court compelling the requested inspection. For the reasons noted below, we conclude that the motion to compel the requested on-site inspection must be GRANTED.

Discovery is a broad litigation tool, authorizing parties to make various inquiries "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." V.R.C.P. 26(a). Discovery is not even limited to evidence that would be admissible at trial; it may be had even of information that isn't admissible, so long as "the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Id. Inspection and entry upon lands for discovery purposes is specifically governed by V.R.C.P. 34.

The Court has today granted R.L. Vallee preliminary party status under Act 250 criterion 1(G), which relates to the proposed expansion's impact upon wetlands. It is for those same reasons that the Court concludes that possible impact upon wetlands is a relevant inquiry in this Docket. While the Court has declined to grant a similar party status request made by Timberlake, that decision was premised upon a lack of clear understanding, on the Court's part, of the causal connection between wetland impacts that may be caused by the proposed expansion and Timberlake's particularized interests. Given that R.L. Vallee will be afforded an opportunity to enter upon and inspect the identified wetland on Costco's property, we are further authorizing Timberlake representatives to accompany R.L. Vallee's agents in their wetlands inspection, so as to address their joint concerns as efficiently as possible, and to minimize the disturbance to Costco of the entry upon its lands.

We direct that the parties confer and attempt to agree upon the specific date, time and procedures for the wetlands site inspection we are today approving. In the event that the parties are unable to reach agreement on those terms by the next scheduled telephone conference, the parties shall so advise the Court Manager at least one business day prior to the conference. The Court will then address the specific schedule and procedures for the site inspection at that conference.

Given the parties' multiple filings on this discovery issue, the Court feels compelled to offer further explanation for its determination that this wetlands discovery process is appropriate and relevant to these proceedings.

Act 250 criterion 1(G) (10 V.S.A. 6086(a)(1)(G)) requires inquiry as to whether a proposed development will violate the applicable rules "relating to significant wetlands." Id. Whether a wetland is "significant" depends upon its classification. It appears from the filings thus far presented that there has been a state determination that the identified wetland is a Class III wetland, and therefore classified as in the least significant category of state wetlands. Costco appears to suggest that this determination should be afforded a presumption in the pending appeal, and that both R.L. Vallee's and Timberlake's concerns should therefore be regarded as not relevant to criterion 1(G).

We decline to adopt this reasoning. A presumption is afforded to "permits, approvals or certifications from another state agency" on issues applicable to Act 250 criteria being reviewed in an Act 250 permit application proceeding. Act 250 Rule 19(E). The facts here appear inapplicable to a Rule 19 presumption, since no "permit, approval or certification" has been issued. In particular, only "conditional use determination[s] with respect to uses in Class One or Two wetlands" are afforded a presumption under criterion 1(G). Act 250 Rule 19(E)(5)(a). In the absence of applicable "permits, approvals or

certifications" that are afforded a presumption under Act 250 Rule 19, the parties are entitled to present relevant, admissible evidence as to whether the identified wetland is "significant" and whether the proposed expansion will cause a violation of the applicable wetlands rules.

Costco asserts that even if the identified wetland is deemed "significant" and therefore regulated, its proposed expansion will have no impact upon the wetland. That very well may prove true, but the Court cannot arrive at that determination until all parties have had a full and fair opportunity to discover relevant evidence and present it for the Court's consideration. It is for this reason that we conclude that the requested on-site wetlands inspection must be allowed. R.L. Vallee's motion to compel that inspection must therefore be GRANTED.

_____          __December 4, 2009____
     Thomas S. Durkin, Judge                                Date

==========================================================================

Date copies sent to: _____          Clerk's Initials _____

Copies sent to:

  Attorneys Jon T. Anderson and David W. Rugh for Appellant R.L. Vallee, Inc.
  Attorney Pietro J. Lynn for Cross-Appellant Timberlake Assoc.
  Attorney David Grayck, Co-Counsel for Cross-Appellant Timberlake Assoc.
  Attorney Mark G. Hall for Cross Appellant Costco Wholesale Corp.
  Attorney William H. Rice for Vt. Agency of Transportation
  Attorney Catherine Gjessing for Agency of Natural Resources
  Attorney John H. Hasen for Nat'l Resources Board/LU Panel (FYI purp. only)